IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | | |
|---|---|---|
| LINDA L. BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff, LINDA L. BULLOCK, by her counsel, William L. Barr, Jr. of Bull Attorneys, P.A. and for her claims against Defendant, WALMART, INC. (WALMART) alleges and states:

1. Plaintiff, LINDA L. BULLOCK, is a citizen of the State of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WALMART, INC. (WALMART), is a corporation incorporated under the laws of the State of Delaware and having principal place of business in a state other than the state of which plaintiff is a citizen. It is a Corporation that maintains and operates retail stores at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

1

5.    Prior to and on December 8, 2019 Defendant, WALMART, was in the business of owning and operating retail discount stores in Kansas and throughout the United States.

6.    Prior to and on December 8, 2019 Defendant, WALMART, owned, controlled, and maintained a retail store known as a WALMART SUPERCENTER at 3201 N 16th St, Parsons, KS 67357.

7.    On December 8, 2019 Plaintiff, LINDA L. BULLOCK, was a customer who was shopping in a customer aisle in the grocery section of the above-mentioned retail store.

8.    At the above-mentioned time and place and at all times herein relevant, Plaintiff, LINDA L. BULLOCK, was a business invitee in the exercise of reasonable care for her own safety.

## COUNT I - NEGLIGENCE - WALMART

9.    At the above-mentioned time and place an employee of Defendant, WALMART, was pushing a large stocking cart toward Plaintiff, LINDA L. BULLOCK, from behind while acting in the course and scope of his employment and agency on behalf of his employer, Defendant, WALMART.

10.    At the above-mentioned time and place Plaintiff, LINDA L. BULLOCK, was shopping for her groceries in the customer aisle of Defendant, WALMART, with her back to the above-mentioned employee who struck her from behind with the cart he was pushing, forcibly knocking her to the floor and causing her to suffer severe, permanent injuries. In the process of striking Plaintiff with his cart Defendant's employee also struck her in the head with a ladder that was attached to the cart.

11.    Following this incident Defendant, WALMART's employee, admitted to Plaintiff, LINDA L. BULLOCK, that he struck her from behind and knocked her down because he thought she was his co-worker upon whom he intended to play a trick.

2

12.   The willful, wanton, wrongful, negligent acts and omissions of Defendant, WALMART, and its employees, agents, or servants alleged herein are the acts and omissions of Defendant, WALMART, based on the doctrines of *Respondeat Superior* and Vicarious Liability.

13.   At the abovementioned time and place and at all times herein relevant, Defendant, WALMART, acting both individually, and by its employee, committed one or more of the following negligent acts or omissions:

   A.   Failed to train its employees to exercise reasonable care and caution when pushing merchandise carts through its customer shopping aisles;

   B.   Allowed its employees to use its supply carts for horseplay in customer aisles with customers present during store business hours;

   C.   Failed to hire qualified managers to train its employees regarding the importance of customer safety while re-stocking during customer hours;

   D.   Failed to monitor and control the conduct of its employees during customer hours;

   E.   Willfully pushed a delivery cart into a WALMART customer from behind with sufficient force to knock that customer down;

   F.   Failed to train its employees to protect its customers' safety while stocking shelves;

   G.   Allowed a large produce delivery cart to be moved unescorted through a customer area in its grocery section;

   H.   Failed to take reasonable steps to provide customer safety during product stocking;

   I.   Failed to train its management staff to recognize hazardous product delivery practices;

3

J.      Failed to train its employees to direct product stocking deliveries to avoid customer contact;

K.      Failed to supervise large produce stocking delivery in a reasonably safe manner;

L.      Failed to utilize a procedural system to provide customer safety during stocking;

M.      Failed to use ordinary and reasonable care in maintenance of its premises as required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

N.      Failed to monitor produce stocking delivery aisle to prevent injury;

O.      Negligent hiring, retention, qualification, supervision, and training of its managers, employees, agents, independent contractors and supervisory personnel;

P.      Defendant and its respective agents, employees and representatives was careless, negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day to day operation of the store as well as their statewide, regional and nationwide managers and other supervisory personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to store management and supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining their managers, employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their managers, employees, agents, and independent contractors, including, but not limited to the store manager at the store where the fall occurred. Defendant

4

negligently and wantonly failed to use reasonable care in hiring, selecting, training, monitoring, and retention of its managers, employees and agents, including, but not limited to supervisory personnel.  Defendant, knew or reasonably should have known that it was not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated its duty to hire safe and competent managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that its managers, employees, agents and independent contractors including, but not limited to its supervisory personnel, created and were an undue risk of harm to its customers including Plaintiff, and negligently and wantonly failed to reprimand, retrain, or terminate its managers, employees, agents, and independent contractors, including its supervisory personnel;

Q.     Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents and independent contractors including the supervisory personnel proximately caused injuries to Plaintiff;

R.     Failing to have adequate safety management protocols in place through the use of an employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow it to determine if its safety program was comprehended and understood by its managers, employees, agents, and supervisory personnel and was set up to monitor the activities of its employees;

S.     Other negligent actions and omissions that will be supplemented during the course of discovery.

5

14. As a proximate result of the negligent actions or omissions of Defendant, WALMART, individually and by its employees, agents, independent contractors and servants, Plaintiff, LINDA L. BULLOCK, was struck from behind by a large stocking cart and knocked down; she suffered a concussion, lumbar disc, thoracic discs, and cervical disc injuries, aggravation of a pre-existing foot condition which required surgical correction; she may also have aggravated other pre-existing conditions and was otherwise injured and damaged. Plaintiff has been damaged by pain, suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. As the sole caregiver to her disabled husband Plaintiff's injuries hindered or otherwise prevented her from caring for him while he lived. In the future, Plaintiff will endure pain, suffering, mental anguish, loss of enjoyment of life, she will incur medical expense, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## **COUNT - II – WILLFUL and WANTON CONDUCT - WALMART**

15. For paragraph 15 Plaintiff of her Complaint Plaintiff re-alleges and incorporates paragraph 1- 14 above as though fully set forth herein

16. At the above-mentioned time and place Plaintiff, LINDA L. BULLOCK, was an invitee, shopping as a customer at the above-mentioned store and was at all times herein relevant in the exercise of reasonable care for her own safety.

17. At the above-mentioned time and place Plaintiff, LINDA L. BULLOCK, was standing in a customer aisle of Defendant, WALMART, when she was intentionally struck from behind by a stocking cart being pushed by an employee of Defendant, WALMART, and was

forcibly knocked to the floor, suffering severe and permanent injuries.

18. The wrongful acts of Defendants' employees and agents alleged herein are the acts and omissions of Defendant, WALMART, based on the doctrines of *Respondeat Superior* and Vicarious Liability.

19. At the abovementioned time and place and at all times herein relevant, Defendant, WALMART, acting both individually or by its employees and agents, committed one or more of the following willful or wanton acts or omissions:

A.    Failed to train its employees not to horseplay in customer areas of its store;

B.    Allowed its employees to play with its stocking delivery carts in customer aisles;

C.    Failed to prevent its employees from roughhousing in customer aisles of its store;

D.    Permitted incompetent, reckless employees to deliver goods to its store shelves;

E.    Knowingly allowed dangerously untrained and reckless employees to deliver large carts of merchandise to its store shelves jeopardizing the safety of its customers;

F.    Knowingly allowed reckless employees to push carts of merchandise into customer shopping aisles seeking to collide them with other employees as part of a game;

G.    Knowingly failed to correct or stop the dangerous and reckless behavior of its employees which it knew created a risk of harm to its customers;

H.    Engaged in a game while working in a customer aisle of the store where the object of the game was to push a loaded delivery cart into the back of a fellow employee;

I.    Engaged in rough house horseplay with a store delivery cart in a customer aisle of the store during store business hours while customers were present;

J.    Intentionally pushed a loaded delivery cart into the back of a store customer;

K.    Willfully pushed a loaded delivery cart into the back of a store customer;

L.      Wantonly pushed a loaded delivery cart into the back of a store customer;

M.      Demonstrated willful and wanton indifference to the safety of its customers by failing to punish or reprimand the employees and managers involved in the activity described herein;

N.      Wantonly incompetent hiring, retention, qualification, supervision, and training of its managers, employees, agents and supervisory personnel;

O.      Defendant's indifference and wanton hiring, training, monitoring, supervision, and retention of unsafe, incompetent employees, and agents including its supervisory personnel proximately caused injuries to Plaintiff;

20. As a proximate result of the willful and wanton wrongful conduct of Defendant, WALMART, individually and by its employees, agents, independent contractors and servants, Plaintiff, LINDA L. BULLOCK, was struck from behind by a stocking delivery cart and knocked down; she suffered a concussion, cervical, thoracic and lumbar disc injuries, aggravated a pre-existing condition in her foot which required surgery, has undergone physical therapy and may also have aggravated other pre-existing conditions and was otherwise injured and damaged. Plaintiff has been damaged by pain, suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. As the primary caregiver to her husband she was disabled from providing such care to him before his death. In the future, Plaintiff will endure pain, suffering, mental anguish, loss of enjoyment of life, incur medical expense, economic loss, permanent disfigurement and permanent disability.  For the aforementioned damages, Plaintiff has been damaged in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, LINDA L. BULLOCK, prays for judgment against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her compensatory damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, LINDA L. BULLOCK, also prays for an additional judgment for exemplary and punitive damages against Defendant, WALMART, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) based on Defendant's wanton conduct toward her and its demonstrated utter indifference for its customers' safety.

BULL ATTORNEYS, P.A.

/s/ William L. Barr, Jr.
William L. Barr, Jr., # 26775
10111 E. 21st Street N., Suite 204
Wichita, Kansas 67206
316-684-4400/Fax: 316-684-4405
bill@bullattorneys.com
Attorney for Plaintiff

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

BULL ATTORNEYS, P.A.

/s/ William L. Barr, Jr.
William L. Barr, Jr., # 26775